### B. S. BEARD v. STATE.

No. A-2785.	Opinion Filed October 25, 1917.

(167 Pac. 1160.)

INTOXICATING LIQUORS—Unlawful Possession—Sufficiency of Evidence. Evidence, in a prosecution for the unlawful possession of intoxicating liquors, held insufficient to sustain a conviction.

*Appeal from County Court, Tulsa County;*

*J. W. Woodford, Judge.*

B. S. Beard was convicted of a violation of the prohibitory liquor law, and he appeals. Reversed, and cause remanded.

*Luther James,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM. B. S. Beard was convicted in the county court of Tulsa county of having the unlawful possession of intoxicating liquors, and fined $100 and sentenced to serve 30 days in the county jail. To reverse this judgment he perfects this appeal.

It is contended, among other assignments of error, that there is a total lack of competent evidence tending to prove that this appellant had possession of the particular liquor found at Brown's Pharmacy, in Tulsa, Okla., at the time of this alleged search on September 13, 1915. The evidence is uncontradicted that on that particular date several police officers searched the said premises and found eight gallons of whisky, four quarts of whisky, and four gallons of alcohol thereon. The appellant was not found at said premises in possession of said liquors at that time. The only connection shown between the appellant and the liquors, or even the premises where the liquors were found, was by the testimony of W. I. Reneau, who testified: That he was the owner of the premises where Brown's Pharmacy was located, and that the appellant, Beard, and one Jones had bought out Brown, the previous occupant, and so far as he knew had been in possession of the premises; Beard paying the rent part of the time and Jones part of the time. That he never had any contract with said B. S. Beard, and that he does not remember who paid the rent in September, 1915; that he does not know that Beard occupied the building at that time, but that he always got his rent, and that Beard had paid rent on the building some time in the early part of the summer of 1915, and that Jones had paid it at other times.

The proof amounts only to a suspicion that at some time during the early summer of 1915 Beard was occupy-

ing the premises known as the Brown Pharmacy, or at least was connected with the same in some manner, because he had paid rent to the owner of the building. It is not shown that Beard ever at any time paid a tax required of retail liquor dealers to the federal government, or that he had a dispenser's certificate issued by the State of Oklahoma to dispense alcohol, or that he received shipments of liquor on or about the time of this search, or immediately prior thereto. While he is by circumstantial evidence connected with the renting of the building in the summer of 1915, there is no proof that he was directly connected with the premises on the 13th day of September, 1915, or that he was in any manner connected with the liquor found there on that day. The proof connecting Beard with the possession of these liquors amounts merely to a suspicion, and, in our opinion, it would be a very dangerous precedent to permit a judgment of conviction to stand upon such proof as is disclosed by this record. Certainly with a little further investigation the county attorney would have been able to establish by more direct and positive proof the connection of this defendant with the premises.

It is the opinion of the court that the judgment should be reversed and the cause remanded.